UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

ABRAHAM BUSTOS SOSA,

Petitioner

v.

MARKWAYNE MULLIN, *et al.*,

Respondents

Case No. 2:26-cv-03505-MMD-MDC

ORDER

## I. SUMMARY

Petitioner Abraham Bustos Sosa, an immigration detainee challenging the lawfulness of his ongoing federal detention, filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1 (“Petition”).)[1] For the reasons discussed below, the Court grants the Petition and orders Petitioner be released.

## II. RELEVANT BACKGROUND

Petitioner is a Mexican citizen. (ECF No. 1 at 7.) Petitioner was lawfully admitted to the United States on a nonimmigrant visitor visa. (*Id.*) Petitioner has lived in the United States for the last twenty years. (*Id.* at 8.)

On January 6, 2017, Las Vegas police arrested Petitioner for driving under the influence (“DUI”). (*Id.* at 9 (citing ECF Nos. 1-12 at 7; 1-14 at 6).) Petitioner pled *nolo contendere* to an amended charge of reckless driving. (ECF No. 1-14 at 6.) On June 15, 2024, Las Vegas police again arrested Petitioner for a DUI. (ECF No. 1 at 9 (citing ECF Nos. 1-12 at 7; 1-14 at 11-12).) Petitioner was again convicted of reckless driving. (ECF No. 1-14 at 12.) On September 19, 2026, Las Vegas police arrested Petitioner for misdemeanor domestic battery. (ECF No. 1 at 10 (citing ECF Nos. 1-12 at 7; 1-14 at 15).)

[1]Respondents filed a response (ECF No. 7) and Petitioner replied (ECF No. 8).

The prosecutor denied the charge and no criminal complaint was filed. (*Id.*)

On September 20, Immigration and Customs Enforcement ("ICE") took Petitioner into custody. (*Id.*) DHS issued a Form I-286 Notice of Custody Determination concluding Petitioner would be detained discretionarily under section 236 of the Immigration and Nationality Act (codified at 8 U.S.C. § 1226). (ECF No. 1-12 at 9.) Petitioner requested a custody redetermination ("bond") hearing. (*Id.*) On October 1, Petitioner had a bond hearing before an immigration judge ("IJ"). (ECF No. 1-11 at 2.) The IJ denied Petitioner's request for release on bond, finding Petitioner a danger to the community. (*Id.*) Her written order reads as follows:

> The court finds that Drunk Driving or reckless driving is an extremely dangerous crime, which creates a risk to the lives and property of the residents and citizens of the USA. See *Begay v. United States*, 553 U.S. 137, (2008). See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006) (noting that an Immigration Judge may consider several factors, such as an alien's criminal record, extensiveness of criminal activity, and whether he or she is a danger to the community in bond proceedings)
>
> Driving under the influence represents a grave danger to the community and is a significant adverse consideration in bond proceedings. Matter of Siniauskas, 27 I&N Dec. 207, 209 (BIA 2018).

(*Id.*)

Petitioner then filed a counseled petition for writ of habeas corpus before this Court. (ECF No. 1.) The Court directed Respondents to file a response and produce various relevant records in their possession, including "transcripts, and/or audio recordings, of any custody redetermination proceeding(s)." (ECF No. 3 at 2-4.) Respondents filed various requested documents (ECF No. 7-1) and counsel certified the production represented "all the documents that are in their possession, custody, and control at this time." (ECF No. 7 at 2.) Respondents did not file a recording or transcript of Petitioner's October 1 bond hearing. On November 9, the Court issued a minute order directing Respondents to file by November 12 a contemporaneous record of Petitioner's bond hearing as required by due process. (ECF No. 11 (citing *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024)).) That deadline passed without any answer from Respondents.

///

## III. DISCUSSION

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. Mandatory Detention

Petitioner seeks habeas corpus relief under the discretionary detention scheme in 8 U.S.C. § 1226(a). Respondents' sole response is that the Petition should be dismissed because "Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2)(a)." (ECF No. 7 at 2.) Respondents provide no argument to support this conclusory assertion. (*Id.*) The Court is not persuaded by their meager rejoinder.

In *Rodriguez Vazquez*, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226." 183 F.4th 1160, 1165 (9th Cir. 2026). The Ninth Circuit expressly rejected the government's argument that individuals apprehended in the interior are subject to section 1225(b)(2)(A)'s mandatory detention regime. *See id*. Instead, section 1225(b)(2)(A)'s mandatory detention scheme applies to noncitizens "entering the United States at the border." *Id.* at 1172. A noncitizen present in the United States does not remain in a "perpetual state of seeking admission," such that they remain permanently subject to this mandatory detention scheme. *Id.* at 1175-79.

Here, Petitioner was previously admitted into the United States on a visa. (ECF No. 7 at 1.) Therefore, at the time of his detention, he was not presently seeking admission into the country. *See Rodriguez Vazquez*, 183 F.4th at 1178; *see also Moya v. Blanche*, No. 2:26-cv-00675-APG-DJA, 2026 WL 1481604, at *6 (D. Nev. May 27, 2026) (finding

that a detained parolee was not "presently seeking admission" and, thus, not subject to mandatory detention under § 1225(b)(2)(A)). Petitioner was "apprehended in the interior" by ICE nearly twenty years after he was admitted on a visa and therefore cannot be subject to mandatory detention under § 1225(b)(2)(A) and must be detained discretionarily under § 1226(a). *Rodriguez Vazquez*, 183 F.4th at 1165, 1172; *see also Torres-Martinez v. Blanche*, No. 2:26-cv-01638-APG-DJA, 2026 WL 2409968 (D. Nev. Aug. 17, 2026) (finding an individual who was previously paroled and "detained in the interior" was subject to discretionary detention under section 1226(a) rather than section 1225(b)(2)(A)).

**B. Bond Hearing**

Petitioner argues the IJ abused her discretion when she denied Petitioner's bond on a finding of dangerousness. (ECF No. 1.) Respondents do not answer this argument. (ECF No. 7.)[2] The Court agrees with Petitioner.

While the Court does not have jurisdiction to review underlying factual determinations by the IJ, the Court retains jurisdiction to review the IJ's application of the law for abuse of discretion. *See Martinez v. Clark*, 124 F.4th at 779, 782-83 (citing *Wilkinson v. Garland*, 601 U.S. 209, 212-22 (2024)). When deciding whether to release an immigrant on bond, an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." Matter of Guerra, 24 I&N Dec. at 40. IJs may look to a number of factors in determining whether a noncitizen merits release on bond, including "the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses[.]" *Id.*

---

[2]Respondents accordingly waived any arguments on this central issue raised in the Petition by failing to respond. *See United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (explaining that the court need not address an argument "because the U.S. Attorney waived this argument by failing to address it in his answering brief"); *Jose Cruz Sibaja v. DHS*, No. 2:26-cv-2998-APG-NJK, 2026 WL 3409919 (D. Nev. Nov. 10, 2026) (finding Respondents failure to address "any of [Petitioner's] legal or factual contentions about the invalidity of the arrest or reinstatement" meant Respondents conceded that they failed to produce a prior removal order alongside an order of reinstatement and that they did not issue an I-205 prior to Petitioner's arrest).

Other district courts in this circuit have found that an IJ abused its discretion in relying on DUIs or DUI charges as the sole basis for denying bond. *See, e.g.*, *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1118 (S.D. Cal. 2008) (finding the IJ abused its discretion when it relied on "two misdemeanor convictions for DUI and one felony conviction for DUI as the basis for the finding of present dangerousness"); *Sabillon Munoz v. Scott*, No. 2:26-cv-02420-TL, 2026 WL 2694273, at *6-7 (W.D. Wash. Sept. 14, 2026) (finding a single pending DUI charge insufficient to support the IJ's conclusion that the petitioner was a danger to the community).

Here, Petitioner does not have even a single misdemeanor DUI conviction. Instead, Petitioner has two reckless driving convictions. (ECF No. 1 at 9 (citing ECF No. 1-14 at 6, 12).) Despite this, the IJ conflated the two offenses in her denial of Petitioner's bond hearing, describing both as "extremely dangerous crime[s]" while relying on a court case and agency decision that only address DUIs. (ECF No. 1-11 at 2 (citing *Begay*, 553 U.S. 137; Matter of Siniauskas, 27 I&N Dec. at 209).) The Court finds that two DUI arrests later amended to reckless driving convictions cannot support the IJ's finding of dangerousness. *See Perez Diaz v. Mattos*, No. 2:26-cv-02262-MMD-DJA, 2026 WL 2983511, at *2 (D. Nev. Oct. 5, 2026) (concluding an IJ abused their discretion by denying bond based on one DUI conviction and one pending DUI charge).

Additionally, Petitioner may be entitled to relief for the apparent lack of contemporaneous record of the disputed bond hearing. "Due process requires immigration courts to make contemporaneous records of bond hearings." *Martinez v. Clark*, 124 F.4th at 786. The Court twice directed Respondents to produce a compliant contemporaneous record of Petitioner's bond hearing. (ECF Nos. 4 at 3; 11.) Twice Respondents failed to comply. After producing some of the Court-mandated discovery (ECF No. 7-1), Respondents' counsel certified that those were the all the documents in their possession, custody and control. (ECF No. 7 at 2.) The Court finds that this certification as well as Respondent's failure to respond to the Court's second request "without so much as an acknowledgement or explanation, in the face of the Court's Order,

is a concession that no such record exists as to Petitioner[.]" *Portillo v. Blanche*, No. 2:26-cv-01373-RFB-MDC, 2026 WL 1493876, at *6 (D. Nev. May 28, 2026). The Court finds this separate due process violation further merits relief under the Petition.

## IV. REMEDY

A district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions. *Ramirez Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). In similar cases where courts have found that a petitioner's bond hearing was legally inadequate, "district courts have either ordered the petitioner's immediate release . . . or ordered that respondents provide petitioner with a new bond hearing." *Kumar v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-00035, 2026 WL 2078191, at *6 (E.D. Cal. July 17, 2026) (collecting cases). Here, not only was Petitioner's previous bond hearing inadequate and the finding of dangerousness an abuse of discretion, but the government now alleges, without further argument and in contradiction with binding Ninth Circuit case law, that Petitioner is subject to mandatory detention without bond. (ECF No. 7 at 2.) "While ordering a prompt bond hearing at which the government bears the evidentiary burden by clear and convincing evidence may be an appropriate remedy in some cases, under these circumstances the Court declines to keep Petitioner detained as doing so would offer yet another opportunity for Federal Respondents to violate . . . due process." *Portillo v. Blanche*, 2026 WL 1493876, at *8. Accordingly, the Court finds that immediate release is the appropriate remedy.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition (ECF No. 1) is granted. Respondents must immediately release Petitioner no later than 5:00 PM on Thursday, November 19, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3).

Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that Respondents ensure ICE returns all of Petitioner's personal property in their possession at the time of Petitioner's release.

It is further ordered that the parties shall file a joint status report by Friday, November 20, confirming Respondents' compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 18th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE